An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

### IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL F. SULLIVAN,
Appellant,
vs.
WELLS FARGO BANK, N.A.,
Respondent.

No. 62008

**FILED**

SEP 20 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellant first contends that the district court erred in concluding that respondent possessed the original promissory note. Based upon the documentation submitted to the district court and the discussion with appellant at the March 21, 2012, hearing, it was not clearly erroneous for the district court to conclude that respondent possessed the

13·28083

original note. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (indicating that, absent clear error, a district court's factual determinations will not be disturbed).

Appellant next contends that the deed of trust produced by Wells Fargo was "null and void" because his original lender, Washington Mutual, appointed California Reconveyance Company, a wholly owned subsidiary of Washington Mutual, as the trustee. *Cf.* NRS 107.028(2) (prohibiting the deed of trust beneficiary from serving as trustee for purposes of conducting a foreclosure sale). Regardless of the relationship between these two entities, appellant has provided no authority to support the premise that a violation of NRS 107.028(2) renders the entire security instrument void. At any rate, no such violation occurred here, because at the time the notice of default was recorded, appellant's loan was owned by Wells Fargo, who had appointed a new trustee.[1] Thus, the district court properly determined that Wells Fargo possessed appellant's deed of trust. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260.

Appellant finally contends that the deed of trust assignment that Wells Fargo produced was fraudulent. While we note that no assignment was necessary,[2] we have reviewed the record and conclude

---

[1]Appellant contends that Wells Fargo should have notified him of the substitution of trustee. Appellant's deed of trust contemplates that a new trustee may be appointed without providing notice to appellant, and appellant has not pointed to any statutory authority that would require such notice. *Cf.* NRS 107.028(4) (indicating that an appointment of a new trustee becomes effective once the substitution of trustee is recorded in the county recorder's office).

[2]Specifically, in *Edelstein*, this court held that "a promissory note and a deed of trust are automatically transferred together unless the parties agree otherwise." 128 Nev. at ___, 286 P.3d at 257. Further, in

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

that the district court did not clearly err in determining that the assignment was valid. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Patrick Flanagan, District Judge
      Michael F. Sullivan
      McCarthy & Holthus, LLP/Las Vegas
      Washoe District Court Clerk

---

*...continued*
*Edelstein*, we addressed a situation in which the deed of trust contained language appointing MERS as the beneficiary, and we concluded that this was an agreement "otherwise." *Id.* at ___, 286 P.3d at 259. Here, however, the deed of trust contained no such agreement, meaning that a transfer of the note automatically transferred ownership of the deed of trust. *Id.* at ___, 286 P.3d at 257-58. Thus, when Wells Fargo established that it had possession of the note, which was endorsed in blank by appellant's original lender, Wells Fargo effectively established that it was both the note holder, *see Leyva*, 127 Nev. at ___, 255 P.3d at 1280-81 (analyzing Article 3 of Nevada's Uniform Commercial Code and explaining how "holder" status can be attained), and the deed of trust beneficiary. *See Edelstein*, 128 Nev. at ___, 286 P.3d at 257-58.